## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE CHAVENSON<br>138 Trent Road<br>Turnersville, NJ 08012 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.: _____ |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| C&D BREWING COMPANY OF PA, LLC<br>d/b/a IRON HILL BREWERY &<br>RESTAURANT<br>118 West Market Street, Suite 300<br>West Chester, PA 19382 | : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| IRON HILL BREWERY EAST MARKET,<br>LLC d/b/a IRON HILL BREWERY &<br>RESTAURANT<br>1150 Market Street<br>Philadelphia, PA 19107 | : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Ms. Michelle Chavenson (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by C&D Brewing Company of PA, LLC d/b/a Iron Hill Brewery and Restaurant, and Defendant Iron Hill Brewery East Market, LLC d/b/a Iron Hill Brewery & Restaurant (hereinafter collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 et.

seq.), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").[1]

2. Defendants discriminated against Plaintiff on the basis of her actual/perceived disability or record of impairment, refused to accommodate Plaintiff, and terminated her in close proximity to her requests for, and use of, reasonable accommodations.

3. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

5. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA and PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC") and Philadelphia Commission on Human Relations ("PCHR"). Plaintiff's claims arising under the PHRA/PFPO for disability discrimination and retaliation mirror her federal claims arising under the ADA.

7. On or about January 20, 2025, Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC") and Philadelphia Commission on Human Relations ("PCHR"). Plaintiff has properly exhausted her administrative remedies before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC/PCHR, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is an adult female, with an address as set forth in the caption.

10. Defendant Iron Hill Brewery East Market, LLC d/b/a Iron Hill Brewery & Restaurant is a Pennsylvania business corporation with a principal place of business as set forth in the caption.

11. Defendant C&D Brewing Company of PA, LLC d/b/a Iron Hill Brewery & Restaurant is a Pennsylvania business corporation with a principal place of business as set forth in the caption.

12. Defendants function as a single integrated enterprise and jointly own and operate numerous craft brewpub style restaurants known as Iron Hill Brewery and Restaurant.

13. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management such that they may be treated as a single and/or joint employer for purposes of the instant action.

3

14. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. On or about March 15, 2024, Defendants hired Plaintiff as the full-time Assistant General Manager ("AGM") and employed her in that capacity at their Iron Hill Brewery & Restaurant located at 1150 Market Street, Philadelphia, PA 19107, until unlawfully terminating her on or about September 22, 2024, as discussed herein.

17. Throughout her employment with Defendants, Plaintiff was a hard-working employee who performed her job well and had little history of discipline or performance concerns.

18. Throughout her employment and leading up to her termination, Plaintiff was primarily supervised by Defendants' General Manager, Greg LaBarbera ("LaBarbera").

19. Plaintiff suffers from various mental health conditions such as, for example, manic depression and anxiety disorder.

20. These aforementioned disabilities, at times, substantially limit her ability to perform daily life functions such as eating, sleeping, managing stress and emotions, and interacting with others.

21. In or about August 2024, Plaintiff disclosed her aforementioned disabilities to LaBarbera and Defendants' management, and requested reasonable accommodations in the form of intermittent and/or block medical leave when said disabilities flared-up.

22. By way of further example, on or about August 13, 2024, Plaintiff required and commenced a short medical leave of absence to complete in-patient treatment for her aforementioned disabilities.

23. Upon information and belief, after learning of her aforementioned disabilities and need for reasonable accommodations, Defendants immediately replaced Plaintiff with another AGM while she was out on medical leave.

24. On or about September 3, 2024, Plaintiff returned to work and was subjected to severe and/or pervasive discriminatory treatment on the basis of her disability.

25. By way of example only, LaBarbera directly showed his preconceived and negative notions of Plaintiff's disabilities, openly told other employees about Plaintiff's disabilities and her need for accommodations, and stated that Plaintiff had been in the "**crazy house.**"

26. This of course caused employees to gossip about Plaintiff's conditions, ask Plaintiff about her in-patient treatment and make discriminatory comments such as "how was the crazy house?"

27. Plaintiff objected to this discriminatory conduct and grotesque characterization of her aforementioned disabilities and need for medical accommodations.

28. Within days of returning from medical leave, on or about September 22, 2024, Defendants terminated Plaintiff under demonstrably false and pretextual circumstances, accusing her of (1) drinking at work without authorization; (2) touching a female employee inappropriately; and (3) that she posted an inappropriate picture on a workplace bulletin board.

29. LaBarbera's reasoning was entirely pretextual because, *inter alia*:

   a. Plaintiff was not only permitted, but actually required to routinely sample new alcoholic choices as part of her job to ensure customer satisfaction;

    b. LaBarbera had explicitly authorized Plaintiff (and other employees) to sample alcoholic beverages while working;

    c. Other employees, including LaBarbera, also tried alcoholic beverages (including at the same time as Plaintiff) but were not similarly terminated;

    d. Upon information and belief, LaBarbera solicited "complaints" about Plaintiff so that he could refer her for termination;

    e. When LaBarbera referred Plaintiff for termination, he lied and said she did not have authorization to drink alcohol;

    f. Plaintiff never touched any employees in an inappropriate manner;

    g. The employee LaBarbera accused Plaintiff of touching "inappropriately" was in fact Plaintiff's best friend who confirmed that there was nothing inappropriate about Plaintiff's actions;

    h. LaBarbera knew another employee (not Plaintiff) posted the inappropriate picture;

    i. Upon information and belief, the other employee who actually posted the picture remained employed with Defendant.

30. Coupled with the extremely suggestive timing, and LaBarbera's direct discriminatory comments, it is clear that LaBarbera was looking for any reason to "justify" terminating a disabled employee who had just required reasonable accommodations.

## COUNT I
### Violations of the ADA
([1] Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate; [3] Hostile Work Environment; and [4] Retaliation)
-Against Both Defendants-

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff suffers from qualifying health conditions under the ADA which affects her ability (at times) to perform some daily life activities (set forth *supra*).

33. Plaintiff kept Defendants' management informed of her serious medical conditions, limitations, need for medical treatment, and other accommodations (including block or intermittent medical leave as discussed *supra*).

34. Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the duties of her job well with Defendants.

35. Prior to her pretextual termination, Plaintiff disclosed her aforementioned disabilities and serious medical conditions to Defendants' management and was subjected to hostility and animosity for the same, such that she was subjected to a hostile work environment under the ADA.

36. Plaintiff believes and therefore avers that her actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of her employment with Defendants.

37. Plaintiff also believes and therefore avers that she was terminated in retaliation for engaging in protected activity under the ADA.

38. Finally, Plaintiff believes and avers that Defendants failed to accommodate her by replacing her while she was on medical leave and thereafter terminating her to avoid having to accommodate her further.

39. Defendants' actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enters an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

                                                    Respectfully submitted,

                                                    **KARPF, KARPF & CERUTTI, P.C.**

                                      By:     _____
                                                  Ari R. Karpf, Esq.
                                                  8 Interplex Drive, Suite 210
                                                  Feasterville-Trevose, PA 19053
                                                  (215) 639-0801

Dated: August 4, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michelle Chavenson | : | CIVIL ACTION |
| v. | : | |
| C&D Brewing Company of PA, LLC d/b/a Iron Hill Brewery & Restaurant, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 8/4/2025 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. *Federal Question Cases:***
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief ***see certification below***
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

**B. *Diversity Jurisdiction Cases:***
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (*Please specify*):_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHAVENSON, MICHELLE

**DEFENDANTS**
C&D BREWING COMPANY OF PA, LLC D/B/A IRON HILL BREWERY & RESTAURANT, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA, PHRA and PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/4/2025
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____